MARKET STREET BANK, Respondent, *v.* WILLIAM A. STUMPE *et al.*, Appellants.

### June 26, 1876.

1. Where a party, though not served, appears on the trial, is voluntarily examined as a witness in his own behalf, and submits himself to the jurisdiction of the court, he is bound by the judgment against him in the cause.

2. The mere fact that the directors of a bank knew of, and sanctioned, overdrafts, will not release from liability the sureties of a teller who causes a loss to the bank by permitting overdrafts.

3. The directors of a bank have no power to sanction overdrafts.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*E. W. Pattison* and *Davis & Smith*, for appellants, cited : Union Saving Assn. *v.* Edwards, 47 Mo. 445 ; Covenant Mutual Life Ins. Co. *v.* Clover, 36 Mo. 392 ; Ingraham *v.* Maine Bank, 13 Mass. 208 ; Cook *v.* The State, 13 Ind. 154 ;

35

Moss v. The State, 10 Mo. 338, and cases cited; Kitson v. Julian, 82 E. C. L. (4 El. & Bl.) 853; Bigelow v. Bridge, 8 Mass. 275; Fell on Guard. and Sur. 126; also p. 129, note 1; Amherst Bank v. Root, 2 Metc. 540; Kingston Mutual Ins. Co. v. Clark, 33 Barb. 201, and cases cited in note a, p. 504 of Fell on Guard. and Sur. (3d. ed.); Wag. Stat. 330, sec. 3; Lexington, etc., R. R. Co. v. Elwell, 8 Allen, 371; Chelesford v. Demarest, 7 Gray, 1; State Treasurer v. Mann, 34 Vt. 376.

A. R. Taylor, for respondent, cited: Orear v. Clough, 52 Mo. 57; Lewis v. Nichols, 26 Mo. 279; Peters v. St. Louis & Iron Mountain R. R. Co., 59 Mo. 406; Feedler v. Schroeder, 59 Mo. 564; Scott v. Niles, 40 Vt. 574; 4 Greene (Iowa), 439, 442; Craig v. Barber, 1 Col. 172; 5 Ark. 518; Roberts v. Townhall, 46 Ill. 66; 29 Wis. 669, 419; 48 Barb. 132; 42 Ala. 491; 4 Denio, 245; Mackey v. Underwood, 47 Mo. 182; Morse on Bank. 316.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the cashier of plaintiff and the sureties on his bond.

The petition alleges that, on February 20, 1872, defendant Stumpe was appointed cashier and teller of plaintiff for the period of one year, and was, on January 14, 1873, reappointed for one year; that, on February 20, 1872, Stumpe as principal, and the other defendants as sureties, executed a bond to plaintiff for $25,000, conditioned that, whereas Stumpe was duly appointed cashier of plaintiff, and may from time to time be continued and reappointed cashier and teller of plaintiff; now, if he shall, during all the time that he shall hold such office of cashier and teller, or act as such, whether under the present appointment or future reappointment, faithfully account for and pay over all moneys, and faithfully perform all his duties as cashier and teller, then the obligation to be void; otherwise, to remain in force. The breach of the bond assigned is that, between January 30, 1873, and April 27, 1873, he paid out

to one Thompson, on his check, $6,804.43 over the amount deposited by Thompson, which was wholly lost to the bank; and, also, that he converted to his own use $4,716.82 of the money of plaintiff.

Defendant Stumpe was not served. The other defendants answer, admitting the appointment of Stumpe, as alleged, on February 20, 1872, for one year; they deny any knowledge of his reappointment on January 14, 1873; they also deny all breaches of the bond.

The cause was, by consent, referred to a referee, who in due time filed his report, by which it appears that the referee finds from the pleadings and evidence that plaintiff is a corporation, as alleged; that defendant Stumpe was appointed cashier and teller of plaintiff on February 22, 1872, and reappointed January 14, 1873, and served in that capacity from February 22, 1872, to June 9, 1873, inclusive; that the bond sued on was executed by defendants, and that, whilst cashier and teller of plaintiff, defendant Stumpe paid out to one Thompson, from money of the bank in his possession as cashier, on the checks of Thompson, over and above his moneys on deposit, $6,804.43.

The referee finds further that this was a breach of the bond, and that defendants are liable, on the first count of the petition, in the sum of $7,167.63.

The referee further finds that, during the period aforesaid, and whilst cashier of plaintiff, Stumpe received several sums of money, amounting altogether to $4,716.80, belonging to plaintiff, which he converted to his own use; that this was also a breach of the bond, and that plaintiff is entitled to recover of defendants, for the second count, $4,968.82.

Exceptions were filed to the report of the referee, which were overruled, and judgment was entered for plaintiff against all the defendants. A motion for a new trial having been overruled, the cause is brought here by appeal.

1. The first objection urged here by appellant is that the

judgment is erroneous in this : that it is entered against all the defendants, but that the court had no jurisdiction of Stumpe, as he was not served.

If the judgment is void as to Stumpe, it must be set aside as to all the defendants.

But it is a valid judgment against Stumpe, who was not served, but who, as appears by the record, appeared and subjected himself to the jurisdiction of the court. The record says that the defendants—that is, all the defendants—by their attorneys, appeared and asked leave to file an amended answer ; that defendants, by their attorneys, agreed to a reference, and waived notice. The referee recites that the parties appeared before him, and the trial began. Stumpe was sworn as a witness, and examined on behalf of himself and his co-defendants, and states that he has, in his testimony, covered all the ground he intended to cover. The first statement made by Stumpe as a witness in his own behalf is, " I am one of the defendants."

Nor does he now appeal, or allege that the judgment is not good against him.

When a party to the suit is present and participates in the trial, it is a waiver of service. In this case the record, in many instances, shows that counsel appeared for all parties, and that all parties were present by themselves or counsel during the whole trial of the cause.

2. We are next told that the sureties were not liable for the overdraft of Thompson, for the reason that overdrafts were allowed and sanctioned by the board of directors.

The fact—and it appears to be a fact—that the board of directors, or some of them, knew that from time to time one or another depositor was allowed to overdraw his account, is by no means a justification of the act of the teller in allowing a man, whom he must have suspected to be in straitened circumstances, to overdraw his account nearly $7,000. There was evidence given by Stumpe, the defaulting teller himself, that the board, in 1872, talked

about overdrafts, at a regular meeting, and said that they ought not to be allowed, though sometimes they could not be avoided.    There is also evidence that depositors did constantly overdraw, and that amongst those thus overdrawing were the president and some of the directors of the bank.

It is held that directors of a bank have no power to allow overdrafts, and that the fact that they sanction them does not relieve the cashier or his sureties.    The rule is a most wholesome one ; it is well supported by authority, and, so far as we know, has not been departed from in this State. *Minor* v. *Mechanics' Bank of Alexandria*, 1 Pet. 46.    An overdraft is a loan, and the cashier of a bank has no right to loan the money of a bank at will, and without the usual precautions and formalities.    We are referred to *Union Savings Association* v. *Edwards*, 47 Mo. 445, and told that a different rule is adopted in that case, and that the Supreme Court of our State, in that case, indicates its opinion that such permission or sanction of overdrafts by the directors will discharge the sureties of the cashier.    But there is no such point in that case.    Edwards, as is said in the opinion of the court, acted contrary to the express instructions of his superiors.    It is true that the Circuit Court, in that case, gave an instruction to the effect that, if the jury believe from the evidence that Edwards, with the knowledge of the president and directors of plaintiff, was in the habit of paying overdrafts made by depositors, and acted, in the particular instance at bar, in good faith, and in accordance with his best judgment, in paying the overdraft, then plaintiff cannot recover, unless it satisfies the jury, by evidence, that Edwards was prohibited from paying this particular overdraft.    But, as this instruction could not possibly prejudice defendants in that case, it was not necessary to pass upon it ; and the court, in saying, as it does, that the declarations of law present the whole case with such fairness that it was impossible for defendant to find

any ground of complaint, is not necessarily negativing the idea that the instructions for defendant were really more favorable for defendants than they had any right to ask. Be that as it may, we do not understand that it is ruled in this State that the fact that the president and directors of a bank overdraw their accounts, and know that certain customers overdraw, will discharge the sureties of the cashier in a case such as the one before us. From such examination as we have given to this very voluminous record (in the examination of which we have not been assisted by the brief of counsel for defendant, who do not think it worth while to refer to the pages of the record for confirmation of their statements as to testimony), we are satisfied that the facts fully justify the finding of the referee, as to the liability of the sureties of Stumpe for the overdraft of Thompson.

3. Lastly, we are told that, at the time of the embezzlement of the funds of the bank by Stumpe, he was no longer cashier. The latest date fixed for this conversion of the money is June 9th. During the whole of that day he was acting as teller, by virtue of a former appointment, and was then actually cashier and teller of plaintiff, as the referee finds.

The resolution accepting his resignation, accepts it to take effect on June 10th, and up to that day he alone acted as cashier of plaintiff.

We think the evidence supports the finding of the referee on this point. If there is any evidence to support the verdict of a jury, or the finding of a referee, the appellate court will not look into its weight.

We see no reason whatever for disturbing the judgment in this cause, and, with the concurrence of all the judges, it is affirmed.