Ames v. Freeman.

E. W. Ames, *Appellant*, v. W. E. Freeman *et al.*, *Appellees*.

No. 16,753.

SYLLABUS BY THE COURT.

1. Jurisdiction — *Void Summons—Waiver—Voluntary Appearance*. Where a defendant is served with a void summons issued by a justice of the peace, but at the time named in the summons appears before the justice of the peace and submits himself to be sworn as a witness by the plaintiff, and testifies as to the merits of the case in response to questions propounded by the attorney for the plaintiff in the presence of the justice, such conduct amounts to a voluntary appearance in the action and is as binding as the valid service of a legal summons would have been; and a judgment entered upon such trial will not be enjoined as void.

2. Judgments—*Jurisdiction of the Parties—Enforcement*. Where in such a case an application is made to the district court to enjoin the collection of such a judgment, and the court finds that the conduct of the defendant before the justice of the peace amounted to a voluntary appearance in the action, and for that reason refuses to allow the injunction, such refusal will not be deemed erroneous.

Appeal from Sumner district court. Opinion filed December 10, 1910. Affirmed.

*F. A. Dinsmoor, James Lawrence,* and *Levi Ferguson,* for the appellant.

*J. A. Burnette,* for the appellees.

The opinion of the court was delivered by

GRAVES, J.: This is a case wherein the district court of Sumner county refused to enjoin the collection of a judgment rendered by a justice of the peace, which refusal is here presented as error. It is claimed that the judgment is void for want of jurisdiction, no legal summons having been served upon the defendant, who is the plaintiff in this suit.

The justice of the peace issued a summons and delivered it to a constable. The writ was isued on the 17th day of February, 1909, and made returnable on the 25th day of February, 1909. The constable did not find the defendant until February 26, when he changed the dates so as to show that the writ was issued February 22, 1909, and returnable March 5, 1909, served it upon the defendant as changed, and made the return accordingly. On the 5th day of March the defendant appeared before the justice of the peace and inquired why he was sued and what it was about. He denied ever having had any business transactions with the plaintiff in that action. He was sworn and testified concerning the claim, and was interrogated by the attorney for the plaintiff about the cause of action in detail. The justice of the peace, the attorney for the plaintiff and the defendant were present and had considerable talk about the suit. When they were through the defendant left, and the justice entered a formal judgment for the plaintiff.

The defendant gave the matter no further attention, and on March 17 the justice issued an execution which was levied upon the property of the defendant, who then commenced this action to enjoin the collection of the judgment. A restraining order was issued at the commencement of the action, but upon trial for a permanent injunction the restraining order was set aside and an injunction refused.

The application for an injunction was made upon

Ames v. Freeman.

the theory that the justice of the peace was without jurisdiction and the judgment void. The district court refused the injunction, for the reason, we suppose, that the want of jurisdiction had been waived by the present plaintiff in appearing in court voluntarily on the day of the trial and participating in the proceedings, and then neglecting to appear or otherwise question the validity of the judgment until after an execution had been issued.

The method adopted to get jurisdiction of the defendant in that action is not to be commended, but deserves to be severely censured. We regret that we can not make our disapproval of it more emphatic; but while the conduct of the appellees is highly reprehensible in this respect, we can not overlook the want of ordinary caution amounting to indifference shown by the appellant. When he was first served with summons he knew that steps were being taken for the purpose of obtaining a judgment against him, and went to the office of the justice of the peace at the time stated in the summons to see what was being done; and while at the justice's office he saw and heard enough to convince a man of ordinary intelligence that a judgment would probably be entered against him. If in doubt as to the legal effect of what had been done, he should have acquired the requisite information, at least before the time for appeal had expired. Whether he fully understood the purport of the proceedings before the justice of the peace or not is a question of fact, which was determined by the district court; and if understood by him his conduct amounted to a waiver and a voluntary appearance, which was as binding as the service of a valid summons would have been.

We are unable to say that the district court erred in so finding, and therefore its judgment is affirmed.