## NORTHERN TEXAS TRACTION CO. v. BRANNON.

### No. 12830.

Court of Civil Appeals of Texas. Fort Worth.

April 22, 1933.

Cantey, Hanger & McMahon and W. D. Smith, all of Fort Worth, and C. W. Trueheart, of Longview, for appellant.

C. C. Peters, Jr., and Allen Crowley, both of Fort Worth, for appellee.

CONNER, Chief Justice.

This appeal is from a judgment in favor of appellee for the sum of $750 as damages for personal injuries received by him while riding on one of appellant's street cars. In substance, the facts show that appellee was a passenger on a car going in an easterly direction; he was standing near the front entrance on the left-hand side with his right hand holding to an iron post which extended from the bottom to the top of the car. A woman passenger had given the signal to stop so that she might alight therefrom when, appellee alleged, the motorman negligently and with great and unusual force applied the compressed air brakes so as to thereby suddenly almost stop the car, then running at an unlawful rate of speed, with the result that the woman passenger who had approached and was standing at the side of appellee was suddenly and with force thrown against his extended arm, which wrenched and fractured it near the wrist, causing mental and physical pain and impairing his earning capacity.

Following definitions and special issues, the court gave to the jury the following charge:

"What sum, if paid now in cash, will reasonably and fairly compensate the plaintiff for the injuries, if any, sustained by him in this accident? Answer yes or no.

"In answering this question you may consider physical pain and suffering, if any the plaintiff has sustained, and such as you believe he will reasonably and probably suffer in the future, and you will consider mental pain and suffering if any the plaintiff has sustained; and you may consider loss of earnings, if any the plaintiff has sustained, and such as you believe he will reasonably and probably suffer in the future, if any."

Appellant duly excepted to this charge, on the ground that thereby the jury was permitted "to consider loss of earnings which the plaintiff had sustained when there was no sufficient testimony showing what earnings the plaintiff has lost or what his earnings during the time he was disabled on account of his arm would be."

Appellee's testimony supported findings that he was injured as alleged; that he had lost time and suffered such impairment of his hand and wrist as to incapacitate him in a considerable degree from performing his customary labor, which was that of digging ditches and shoveling dirt while an employee of the city. There is, however, an entire absence of testimony showing his wages previous or subsequent to his injury, and we therefore think that the assignment of error calling attention to the matter must be sustained and the judgment reversed.

In 13 Texas Jurisprudence, § 227, p. 391, it is said: "But where the injuries suffered are shown to be of such a nature as fairly to justify the conclusion that the plaintiff's capacity to earn money in any vocation has been lessened, the right to a recovery of such amount as damages should be held to have been sufficiently established, and the plaintiff should be held to be entitled to recover at least nominal damages. Where no evidence was offered to show the sum that the plaintiff earned before the injuries were received and the amount that he could earn afterwards, it was held that diminished capacity to do the work which he was accustomed to do, rather than diminished capacity to earn money, should have been submitted. And it is held to be sufficient if there be anything in the evidence upon which the allowance of any sum, however small, can properly be made for such damage. That the evidence does not permit the jury to fix the full extent of the loss does not prevent them from allowing for the part of which they are sufficiently informed. Thus, although the plaintiff's earnings as a stenographer were not proved, it was held that evidence that before her injury she could and did walk to and from her work, and that after her injury she had been compelled to ride upon street-cars, was sufficient to show loss of earning power to the extent indicated by it, and authorized the submission of this element of damages. Other decisions are to the same effect."

We can readily agree that the failure of evidence to show what appellee's earnings were before and after his injury and thus what he lost in wages would not deprive him of all recovery, but, as alleged, and as the jury under the court's charge were permitted to consider, the loss in wages was one of the elements that the jury were permitted to determine, and it did determine and assess an appreciable amount in dollars and cents. In so doing it is evident that the jury indulged to a greater or less extent in mere surmise, which in no event could be approved. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Waco Drug Co. v. Hensley (Tex. Com. App.) 34 S.W. (2d) 832. In the absence of the necessary evidence of appellee's earnings in wages, the submission of that issue in the court's charge was most likely an oversight on the part of counsel and court, but this fact cannot be permitted to relieve the verdict and charge of vice. We accordingly conclude that the judgment below must be reversed, and the cause remanded for further proceedings, if any.

In reversing the case we venture to add that there are a number of criticisms of the proceedings which may be so easily avoided upon another trial that we think it unnecessary to discuss them. To illustrate, the court's charge defined the term "proximate cause," including therein the terms "natural and continuous sequence." Objection was made to the charge because of a failure to define the terms quoted. The authorities relating to the necessity of such a definition seem to be in conflict. See Cooke-Teague Motor Co. v. Johnson (Tex. Civ. App.) 50 S.W.(2d) 399; Lone Star Gas Co. v. Haire (Tex. Civ. App.) 41 S.W.(2d) 424; Rio Bravo Oil Co. v. Daniel (Tex. Civ. App.) 20 S.W.(2d) 369; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W. (2d) 570; Washington Fid. Ins. Co. v. Williams (Tex. Com. App.) 49 S.W.(2d) 1093. Contra, West Texas Transportation Co. v. Hash (Tex. Civ. App.) 43 S.W.(2d) 152; Baldridge v. Klein (Tex. Civ. App.) 56 S.W.(2d) 897; Rio Bravo Oil Co. v. Matthews (Tex. Civ. App.) 20 S.W.(2d) 342.

So, too, in the court's special issue No. 1, which reads thus: "Was the operator, Johnson, negligent in the manner in which he applied the air brakes of the street car on the occasion complained of?"

This is objected to as being too broad, but the charge can be easily corrected. The manner of applying the brakes should be confined to the allegations of the petition relating thereto.

Judgment reversed and cause remanded.