## STRAUS–BODENHEIMER CO. et al. v. MARSHALL et al.

### No. 2906.

Court of Civil Appeals of Texas. Beaumont.

March 10, 1936.

Rehearing Denied March 11, 1936.

866

King, Wood & Morrow, of Houston, for appellants.

C. T. Butler and C. S. Pipkin, both of Beaumont, for appellees.

WALKER, Chief Justice.

Appellees, the widow and children of Angus Marshall, deceased, instituted this suit in district court of Jefferson county against appellants, Straus-Bodenheimer Company, a corporation, and M. S. Wolf, to recover damages for the death of Angus Marshall, who was killed in Jefferson county on or about the 17th day of November, 1934, in a collision between an automobile in which he was riding and one of the trucks of Straus-Bodenheimer which, at the time of the collision, was being operated by M. S. Wolf in the regular course of his employment with Straus-Bodenheimer Company. For cause of action appellees alleged:

"* * * that upon the occasion in question the deceased, Angus Marshall, Sr., was riding in and driving an automobile, traveling toward the City of Beaumont, in an easterly direction upon what is known as the Houston-Beaumont Highway; that said automobile in which the deceased was driving was being operated in a prudent and cautious manner; that immediately prior to the collision a truck belonging to Straus-Bodenheimer Company, being then and there operated by Melvin S. Wolf, upon a mission and business for the Straus-Bodenheimer Company, was traveling along said highway in a westerly direction in front of and in the opposite direction to .the automobile in which the deceased was riding; that immediately prior to the collision, the said truck was being operated upon its right hand side of the concrete and on said highway proceeding in the direction of Houston, Texas, and without any indication whatsoever that it intended to change such direction or the course of said vehicle, to-wit, the truck, the driver of the truck, at a point immediately in front of and in the path of the automobile being driven by the said Angus Marshall, Sr., turned said truck without any notice or warning suddenly into the path of and across the highway at right angles to the direction in which the deceased was traveling and onto the left-hand side of the said road, thereby causing the said automobile in which the deceased was riding to violently collide and run against and into the right-hand side of said automobile truck, killing the said Angus Marshall, Sr., immediately; that said collision and resulting death of said Angus Marshall, Sr. was brought about by the following negligent acts, wrongs and omissions, each and all amounting to negligence on the part of the said Straus-Bodenheimer Company and the said Melvin S. Wolf, the said Straus-Bodenheimer Company acting through the said Melvin S. Wolf."

"* * * In operating said truck at said time and place to the left of the center line of said highway, considering the directions in which said truck, immediately prior to said collision, had been traveling."

Both appellants filed pleas of privilege, praying that this suit be transferred to Harris county. Appellant answered by controverting affidavit that the suit was properly filed in Jefferson county on two grounds: (a) That the cause of action arose in Jefferson county, and (b) as the result of a trespass committed by appellants. The appeal is from the judgment of the lower court overruling the pleas of privilege.

The evidence on the issues made by the controverting affidavit was substantially as follows: Straus-Bodenheimer was a corporation with its home office in Harris county, and was the owner of the truck that collided with the Marshall automobile; Wolf was its employee and, at the time of the collision, was operating the truck in the due course of his employment; Angus Marshall was killed in the collision. The collision occurred in Jefferson county on the Houston-Beaumont highway, about three miles east.of Nome. T. E. De Cordova, who operated a garage in Beaumont, was called to the place of the accident to render assistance. He testified, in substance, as follows: When he arrived at the scene of the wreck, the body of the deceased was still there; the defendant Wolf was in charge of the truck when he ar-

rived upon the scene; he was acquainted with Wolf; when he reached the scene of the collision, there was a Dodge sedan on the north side of the road headed east, about 200 feet from a Ford sedan; the evidence failed to show any connection between this Dodge sedan and the collision; the Ford sedan and a Dodge panel truck were "tangled together" on the south side of the road at the place of the collision; the Dodge panel truck stood at an angle of about 45 degrees on the south side of the road headed west; the Ford sedan was headed east and parallel with the road on the south side, jammed into the side of the Dodge panel truck; the Ford sedan, headed east, was on the right-hand side of the road with its front wheels just off the pavement; the front wheels of the Dodge panel truck were off the pavement on the south side of the road, "headed in a southwesterly direction"; the Ford radiator was in contact with the right front door, or near the center of the Dodge truck; the Ford sedan was up "into" the truck body; "it appeared" to the witness that the radiator of the Ford sedan struck the side of the Dodge truck; neither car could proceed under its own power. Defendant Wolf made the statement at the time that he was driving the Dodge truck, and ordered the wreck picked up. Appellants offered no testimony.

■ The evidence was sufficient to raise against both appellants the issue of negligence and proximate cause. It was said in Bock v. Fellman Dry Goods Co. (Tex. Com.App.) 212 S.W. 635, 637, that "both negligence and proximate cause may be established by circumstantial evidence." See, also, English v. Miller (Tex.Civ.App.) 43 S.W.(2d) 642; Houston, E. & W. T. Railway Co. v. Boone, 105 Tex. 188, 146 S.W. 533; 30 Tex.Jur. 826, Note 2. The fact that the Marshall car was on the right side of the road and the Dodge truck on the wrong side of the road, with no explanation of that fact, raised against appellants the issue of negligence. In Lone Star Gas Co. v. Haire (Tex.Civ.App.) 41 S.W.(2d) 424, it was held that testimony to the effect that immediately after an accident a truck was on the left-hand side of the road was admissible on the issue as to whether the truck driver swerved the truck to the left. Schuller v. Fears (Tex.Civ. App.) 67 S.W.(2d) 343, is authority also for the fact that the position of the truck was admissible as evidence on the issue of negligence. The act of appellant Wolf in swerving his car to the left, in the absence of an explanation, was in violation of article 801 (A) of the Penal Code, requiring the operator of a motor vehicle upon a public highway to drive on the right-hand side of the highway.

■ The evidence, also, raised the issue of "proximate cause." As directly supporting this conclusion, we make the following additional quotation from the Bock Case, supra: "A cause being shown which might produce an accident, and it further appearing that an accident of that particular character did occur, it is a warrantable inference, in the absence of showing of other cause, that the one known was the operative agency in bringing about such result." It thus appears that appellees established a cause of action against both appellants, which arose in Jefferson county, sustaining their venue against the corporate defendant under the twenty-third exception to article 1995, Revised Civil Statutes 1925, reading in part: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

■ Appellees also sustained their venue on the theory of trespass, under exception 9 to article 1995, reading as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." The act of negligence sustained against appellants "was an affirmative act rather than a mere omission to perform a duty," quotation from Perry v. Wood (Tex.Civ.App.) 25 S.W.(2d) 650, 651. The evidence, under the authorities cited, was sufficient to raise the inference that the Dodge truck, immediately prior to the collision, for some negligent reason not explained, swerved to the left in front of the Marshall car. This negligence constituted "an affirmative act" rather than "a mere omission to perform a duty."

The judgment is affirmed.