Opinion adopted by the Supreme Court.

## SMITH v. SURTEES.

No. 10746.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 7, 1940.

Rehearing Denied Sept. 18, 1940.

er damages alleged to have been sustained by him to his character and reputation as a result of Smith's writing to J. L. Lytle Company the following postal card, to-wit: "4–22–38. Gentlemen: I understand that a certain Marshall Surtees collected quite a bit of hail insurance lately. If your company was the victim it would be well for them to contact residents of that section to determine if hail or the high winds for 48 hours were the cause of damage. (Signed) A friend."

Judgment was rendered in favor of Surtees upon the following special findings of the jury, to-wit:

1. The postal card in question reasonably conveyed to the ordinary reader thereof the idea that Surtees had wrongfully cheated and defrauded the insurance company out of the hail insurance money and that there was no hail on plaintiff's crop, and that any damage to his crop was caused by high winds and not hail.

2. The writing on the postal card and the information therein conveyed was not true.

3. Elijah Smith, at the time he wrote the postal card, did not believe, in good faith, that Surtees had fraudulently collected hail insurance money and that there was no hail on his crop.

4. Elijah Smith was actuated by actual malice in the writing and mailing of the postal card.

5. Three Hundred and Seventy-five ($375) Dollars would fairly and adequately compensate Surtees for the damages sustained by him by reason of the writing of the postal card.

From this judgment Elijah Smith has prosecuted this appeal.

Appellant's first six assignments of error relate to alleged improper argument made by appellee's counsel to the jury. During his closing argument counsel for appellee made the following statement to the jury, to-wit: "He (Marshall Surtees) must come and go in that neighborhood all these years and be confronted with the fact that his uncle charged him with defrauding the insurance company because of hail damage. Did that embarrass him? Would it embarrass you for some man to make that accusation against you? Would it embarrass you to go among your neighbors with that thing staring you in the face. You could see his disposition on the wit-

Hayden C. Covington, of Brooklyn, N. Y., and Walter F. Schwartz, of San Antonio, for appellant.

Joe Burkett, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Marshall Surtees against Elijah Smith seeking to recov-

ness stand. He is a man, apparently, who has not a great deal of education."

No objection was made to this argument at the time it was made, and the question is raised for the first time in appellant's motion for a new trial. The bill of exception does not show in what connection the argument was made. It is attacked by appellant as being prejudicial.

Apparently in making the argument counsel was discussing whether or not the writing on the postal card was libelous. This is a matter that can easily be ascertained from a mere reading of the same. It, in effect, tells the insurance company that it has been the victim of a fraud which an investigation would disclose. Appellant signed the postal card anonymously, indicating he knew he was doing wrong in writing the card. The judgment was only for the sum of $375. The case of Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522, 526, is very much in point. There the court said: "As to the first objection, (a) above, we think the argument is not of such a character as would be calculated to cause the jury to forget their oaths and duties, and return a verdict regardless of the facts and the law. Under our system lawyers are allowed some latitude to engage in oratory. Of course they must stay within the record, and must not attempt to appeal to prejudice, passion, or sympathy. On the other hand, an attorney has a right to use such legitimate argument as will impress the jury with the seriousness and importance of the case. We think that, when considered in the light of the entire record, the argument complained of is not subject to the objection that it constitutes an improper appeal to prejudice, passion, or sympathy."

There is a line of cases holding that where an attorney in his closing argument in substance asks a jury, in determining the amount of damages, to put themselves in the shoes of the plaintiff and award him the amount of damages that they would want if they had suffered the injuries themselves, the case will be reversed and especially where the judgment is excessive. Texas Coca Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 112 S.W.2d 203, and cases therein cited.

The argument made in the case at bar is quite different from the argument in those cases. Although appellant's counsel objected to much of the argument, he did not object to this argument at the time it was made. It occurs to us that it was nothing more than an inquiry of the jury as to how they would like to have such a charge made against them, and if an objection had been made at the time and the jury told to disregard the argument, all harmful effect would have been removed.

Appellant's next five assignments as above stated, also relate to alleged improper arguments made by appellee's counsel to the jury. The complaint being that such arguments were not supported by the evidence, and were prejudicial.

We have carefully examined the record and conclude that the arguments complained of were supported by evidence and that counsel was not out of the record when he made these arguments.

In his six assignments of error appellant complains because counsel for appellee allegedly argued that "the jury should put themselves in the position of the insurance company in reaching a verdict, which company had investigated the matter and found that there was no truth in the contents of the card." This assignment is based upon Bill of Exceptions No. 6, and the bill shows a different argument from the one set out in the assignment. We overrule the first six assignments of error.

Appellant next complains because the trial court, in instructing the jury as to what elements they could consider in arriving at the amount of damages inquired about in Issue No. 5, told the jury, in effect, they could consider physical suffering, if any, when there was no evidence whatever of physical suffering as a result of sending of the postal card.

There is no evidence in the record that appellee sustained any physical suffering as a result of the writing of the postal card. It is error to authorize a jury to consider an item of damage which is not supported by any evidence. Abbott v. Andrews, Tex.Com.App., 45 S.W.2d 568; Northern Texas Traction Company v. Brannon, Tex.Civ.App., 61 S.W.2d 156; Pure Foods Products, Inc., v. Gordon Gibson, Tex.Civ.App., 118 S.W.2d 925.

By his thirty-first assignment of error appellant contends that the communication between appellant and the insurance company was a qualifiedly privileged communication, and the evidence failing to show actual or express malice appellant should have been given an instructed verdict in his favor. We overrule this conten-

tion. The communication was not privileged. Smith was not employed by the insurance company; he did not own any interest in the company; the insurance company did not ask him for a report on the matter. Smith simply·volunteered this information to ·the company. Furthermore the evidence was sufficient to raise the issue of actual malice.

■ By his thirty-second assignment of error appellant contends that the postal card on its face was not libelous. We overrule this contention. The import of the· language used is that appellee had fraudulently collected a large sum of money from the insurance company. The communication was libelous per se.

For the error pointed out, the judgment will be reversed and the cause remanded.