## SIMPSON v. CAIN.
### No. 4581.

Court of Civil Appeals of Texas. El Paso.
Oct. 13, 1948.

Leachman, Matthews & Gardere, of Dallas (Henry D. Akin, of Dallas, of counsel), for appellant.

Justice, Moore & Justice and R. Homer Moore, all of Athens, for appellee.

McGILL, Justice.

This appeal is from an order of the District Court of Henderson County overruling defendant's plea of privilege to be sued in Dallas County, where he resides. The plaintiff brought suit for the use and benefit of herself and four minor children for damages for the death of A. V. Cain, her husband, and father of the children. A. V. Cain was killed on March 1, 1947, in a collision in Henderson County between a Ford automobile which he was driving and a truck owned by defendant and operated by one of his employees in the course of his employment. The automobile was traveling in an easterly direction on Highway 175 toward the town of Eustace, and the truck was traveling along said

highway in a westerly direction toward the town of Mabank. Defendant filed his plea of privilege in conformity with Rule 86, Texas Rules Civil Procedure. In her controverting plea plaintiff alleged:

" * * * that immediately prior to the collision, the said truck was being operated upon its right hand side of the concrete and on said Highway proceeding in the direction of Mabank, Texas; and without any indication whatever that he intended to change such direction or course of the said vehicle, to-wit, a ·truck, the driver of the truck, at a point immediately in front of and in the path of the automobile being driven by the said A. V. Cain, turned said truck, without any notice or warning, suddenly into the path of and across the highway at an angle to the direction in which the deceased was traveling, and on to the left hand side of said road, thereby causing the said automobile in which the deceased was riding to violently collide with and run against and into the said truck, killing the said A. V. Cain immediately;"

Trial was to the court. No findings or conclusions were requested or filed.

Appellee relies on Sub. 9 of Art. 1995, R.C.S., Vernon's Ann. Civ. St. Art. 1995, subd. 9, to maintain venue in Henderson County. Appellant has presented and briefed a point of error in the court's holding that plaintiff proved by a preponderance of the evidence that defendant was guilty of a crime or offense committed in Henderson County. However, since appellee concedes in her brief that the only controversy is whether or not the operator of appellant's truck was guilty of active negligence or a trespass, and if so whether such negligence was a proximate cause of the death of A. V. Cain, we shall confine our discussion to appellant's point complaining of the court's implied holding that plaintiff proved these facts by a preponderance of the evidence.

Jack Rascoe, the truck driver, was the only surviving witness to the collision. He was not called upon to testify by either party, and did not testify. Appellee relied entirely on circumstantial evidence to establish the alleged trespass and proximate cause.

█ From plaintiff's evidence, which we consider as facts, it appears that the collision occurred about 9 o'clock at night. The highway at that point runs almost due east and west. Immediately after the collision both vehicles were on the south side of the highway; the automobile was setting straight on the right hand side across the black center line six or eight inches, facing east; the truck was setting at a 45° angle facing southwest with its front part in the bar ditch and its rear just off of the pavement. The automobile was north of the back end of the truck; the back end of the truck and the front of the car were about even; the left front part of the automobile was smashed, including the fender, wheel, light and radiator; the motor was unseated. There was a bumper guard made of pipe on the front part of the truck which was painted red. Fragments of the front of a radiator grill similar to that on the Cain automobile were found scattered along the south side of the highway near the wrecked vehicles and a rim off of the headlight of an automobile similar to Cain's with red paint on it was picked up a few feet from where the car was setting at the south edge of the highway. The deceased's body was lying between the automobile and the back wheel of the truck about five or six feet from the car, his head facing south toward the wheels of the truck and his feet facing north. Immediately after the collision the truck driver stated to one of plaintiff's witnesses that he didn't know where the car came from, that it must have come out of the ground.

██ Appellee leans heavily on the case of Straus-Bodenheimer Company v. Marshall, Tex. Civ. App., 91 S.W.2d 865, 867. In that case it was held that the fact that after the collision the plaintiff's car was found on the right side of the road and the defendant's truck on the wrong side of the road with no explanation raised the issue of active negligence or trespass and also the issue of proximate cause. We have no quarrel with such holding when applied to the facts of that case, but we think

that case distinguishable from the case at bar. As reflecting the positions of the vehicles immediately after the collision in that case, we quote from the opinion:

" * * * the Ford sedan and a Dodge panel truck were 'tangled together' on the south side of the road at the place of the collision; the Dodge panel truck stood at an angle of about 45 degrees on the south side of the road headed west; the Ford sedan was headed east and parallel with the road on the south side, jammed into the side of the Dodge panel truck; the Ford sedan, headed east, was on the right-hand side of the road with its front wheels just off the pavement; the front wheels of the Dodge panel truck were off the pavement on the south side of the road, 'headed in a southwesterly direction'; the Ford radiator was in contact with the right front door, or near the center of the Dodge truck; the Ford sedan was up 'into' the truck body; 'it appeared' to the witness that the radiator of the Ford sedan struck the side of the Dodge truck; neither car could proceed under its own power."

It is apparent from this quotation that the position of the vehicles on the south side of the road *at the place of the collision* (emphasis ours) warrants no other inference than that the collision occurred on the south side of the road and that at that moment the defendant's truck was being operated on the south side of the road. Such is not true in this case. There is no positive evidence of the point of impact. The position and condition of the vehicles does not warrant an inference that it was on the south side of the road. Indeed it is almost inconceivable that the front bumper of the truck could have come in contact with the left front portion of the automobile on the south side of the road and inflicted the damage shown and left the automobile standing straight in the south side of the road six or eight inches from the center line facing east with its front end immediately north of the rear

end of the truck. A finding that it did do so certainly invades the realm of surmise, conjecture and speculation. As said in Lone Star Gas Co. v. Haire, Tex. Civ. App., 41 S.W.2d 424, loc. cit. 428:

"It is true that the presence of the truck on the left-hand side of the road did not prove that it had swerved to the left or had been driven to the left-hand side, but was a circumstance which the jury could consider in determining whether or not the truck driver had swerved his car to the left or had driven on the left-hand side of the road."

The other circumstances are insufficient to sustain either a finding of trespass or of proximate cause. That fragments of the radiator grill and the rim of the left headlight of deceased's car were found on the south side of the highway proves nothing. It is quite possible that their position would have been the same even though the collision occurred on the north side of the road. The same may be said of the position of deceased's body. The statement of the truck driver that he did not know where the car came from, that it must have come out of the ground, in no way indicates that he was operating the truck on his left-hand side of the road or turned abruptly to his left.

We realize that every case of this nature must stand on its own particular facts. However, we cite Douglas v. Williams, Tex. Civ. App., 83 S.W.2d 686, as correctly stating the legal principles involved. In our opinion appellee failed to prove by a preponderance of the evidence that a trespass was committed in Henderson County and of course that such trespass was the proximate cause of the collision. She therefore failed to discharge the burden incumbent upon her to maintain venue in Henderson County.

The order overruling defendant's plea of privilege is reversed and the trial court is directed to transfer the case to one of the district courts in Dallas County.