536

**PAPPAS et al. v. WRIGHT.**
No. 11297.

Court of Civil Appeals of Texas.
San Antonio.
May 12, 1943.

House, Mercer, Edwards & Irvin, of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, and M. J. Raymond, of Laredo, for appellee.

NORVELL, Justice.

On the 24th day of May, 1940, about 1 o'clock p. m., a collision occurred between an automobile driven by appellee, Dr. L. A. Wright, and a truck owned by appellant, Peter S. Pappas. The truck was being driven by one Jesus Juarez, who at the time was acting within the scope of his employment as a truck driver for Pappas. The collision took place on the highway connecting the town of Zapata and the City of Laredo. Dr. Wright was driving toward Zapata, while the truck was returning to Laredo. Dr. Wright brought the action and upon the trial contended that Juarez negligently drove the truck upon his (Juarez's) left-hand side of the highway and ran into Dr. Wright's car. Pappas contended that Juarez at all times kept his proper side of the highway, but that Dr. Wright was guilty of negligence in driving his automobile on his (Dr. Wright's) left-hand side of the highway and thus causing the collision.

Dr. Wright recovered judgment based upon a special issue jury verdict.

Appellant contends that his special defense of contributory negligence was submitted to the jury in an improper and erroneous manner. This defense was raised by the evidence and in relation thereto the trial court submitted the follow-

ing issue (No. 4) which was answered by the jury in the negative, viz.: "Did Dr. Wright drive his car onto Dr. Wright's left hand side of the road, that is Dr. Wright's wrong side of the road, at a time when the approaching truck was travelling on the truck's proper right hand side of the road?"

Appellant objected to the form of the submission of the issue at a proper time. His objections being as follows:

"These defendants object and except to Question No. 4 and say that said question as given does not properly place the burden of proof and puts a greater burden upon these defendants than they should be forced to bear, and is multifarious embodying more than one issue of fact in a single issue in the Court's charge, and should be given in this form, to-wit:

"'Do you find from a preponderance of the evidence that Dr. Wright just prior to and at the time of the collision drove his car on his left hand side of the road?'"

We need not discuss the failure to place the burden of proof upon appellant's defensive affirmative issue over his objection relating thereto. The issue is undoubtedly duplicitous and the objection taken together with the requested special issue seems to specifically point to the particular part of the issue which offends against the rule which prohibits multifariousness.

The objection upon this point is in compliance with Rule No. 279, Texas Rules of Civil Procedure.

It seems that the submission of an issue which is abstractly multifarious in certain respects does not necessarily result in a reversal of a judgment. The question of whether or not a reversal must be ordered depends upon the facts of any particular case. In determining whether or not the issue was submitted in improper form, we must regard the evidence without reference to the interpretations placed upon it by the jury in making its findings. Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519. Viewed in this light, the jury could have found (and such finding would have had support in the evidence) that immediately prior to the collision: (1) Dr. Wright's car was on its proper side of the road; or that (2) the truck was upon its proper side of the road, and Dr. Wright's car was improperly upon his left-hand side of the road; or that (3) the truck was improperly upon its left-hand side of the road and Dr. Wright's car was also improperly upon his left-hand side of the road.

Had the jury found the facts to exist in accordance with the third hypothesis above set out and also found supporting issues of negligence and proximate cause favorably to appellant (as it could have done under the evidence), no liability would attach to appellant. His defense of contributory negligence would be complete. Appellant was entitled to have this theory of contributory negligence submitted to the jury. It is, however, apparent that the trial court did not submit this theory to the jury, but, on the contrary, submitted a theory similar to the second hypothesis above set out, in that before the jury could have answered the issue submitted by the trial court in the affirmative, it would have necessarily had to find that (a) Dr. Wright drove his car on his left-hand side of the road, and also that (b) the truck was travelling upon its proper right-hand side of the road. The issue not only presented two controverted ultimate fact issues, one of which might be answered "yes" and the other "no" (41 Tex.Jur. 1102), but was also a prejudicial and erroneous submission of appellant's defense of contributory negligence. It is not necessary that a defendant be free from fault in order to avail himself of the defense of contributory negligence on the part of the plaintiff. "Contributory negligence has no reference to others, but refers to conduct which involves an undue risk of harm to the person who sustains it." Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, 630.

We sustain appellant's points attacking the manner in which appellant's defense of contributory negligence was submitted to the jury. This necessitates a reversal of the judgment and remand of the case.

We have examined appellant's remaining points. Those complaining of the trial court's conduct of the trial are apparently not of a substantial nature. However, as these matters, as well as others raised by appellant, are of a nature that need not and probably will not arise upon another trial, no useful purpose can be served by discussing them here.

For the error pointed out, the judgment appealed from is reversed and the cause remanded for new trial.