## WILLIAMS v. HEMPHILL COUNTY.

### No. 6236.

Court of Civil Appeals of Texas. Amarillo.
Sept. 22, 1952.

840

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Crow & Crow and Hoover, Hoover & Cussen, Canadian, for appellee.

LUMPKIN, Justice.

This is an appeal from an order overruling the plea of privilege of the appellant, Ewing Williams, to be sued in Gray County, Texas, the county of his residence. The appellee, Hemphill County, Texas, had brought this suit for damages to a bridge situated in Hemphill County, alleging that the appellant, Ewing Williams, through his agent, servants and employees, had caused the bridge to collapse by negligently driving a truck, carrying an excessive weight, over it at an excessive rate of speed. In answer to the appellant's plea of privilege, the appellee filed its first amended controverting plea and affidavit in which it sought to rest venue in Hemphill County upon trespass as provided by subdivision 9 of Article 1995, Vernon's Annotated Civil Statutes. The appellee alleged two affirmative acts of trespass in this manner:

"(a) The deliberate driving of the heavy weighted truck upon the said bridge and destroying the same by the very weight and over-weight of said truck, semi-trailer and load, defendant (appellant), as aforesaid, being well aware that the driving of said truck, semi-trailer and load on said bridge was an unreasonable use of said

bridge and a total disregard of the property rights of the plaintiff and the public; and (b) that the rate of speed with which the defendant drove his truck, semi-trailer and load, as aforesaid, on said bridge was reckless, excessive and negligent and unreasonable and the defendant well knew and was charged with knowledge of the fact that the driving on said bridge at such reckless and excessive and unreasonable rate of speed was calculated to destroy and in truth and in fact did destroy said bridge, as aforesaid."

Trial was to a jury. The court in its charge defined "trespass" in this manner: "The word 'trespass', as used herein, means any wrongful acts wilfully or negligently committed, and there must be an affirmative act, as distinguished from a mere failure to act."

The court then submitted these two special issues to the jury:

"Special Issue No. 1. Do you find from a preponderance of the evidence, if any, that on the occasion in question, the defendant, Ewing Williams, either acting for himself or through his agent or employee, committed a trespass in Hemphill County, Texas?"

The jury answered this special issue in the affirmative.

"Special Issue No. 2. Do you find from a preponderance of the evidence that said trespass, if any you have found in answer to the preceding special issue, was a proximate cause of the accident in question?"

The jury also answered this question in the affirmative.

Based on the jury's answers to these special issues, the trial court overruled the appellant's plea of privilege, and it is from this order that the appellant has duly perfected this appeal.

The appellant insists that the special issues submitted by the court constituted a general charge. He contends that the court should have submitted in separate issues the various specific acts which the appellee alleged constituted a trespass. He contends that the trial court lumped the whole case and all of the appellee's allegations together in only two issues. These contentions of the appellant are based on his objections and exceptions to the court's charge, which, the appellee insists, are, in themselves, too indistinct and are nothing more than a general objection leveled at the charge as a whole and are not specific enough to direct the court's attention, as required by Rule 274, Texas Rules of Civil Procedure, to those parts of the charge of which the appellant complains.

The appellant's objections and exceptions to the court's charge were, in part, in this language:

"The defendant [appellant] objects to the court's charge for the reason that the court's charge fails to inquire as to any affirmative act of negligence which would be sufficient as a matter of law to sustain venue in Hemphill County, Texas. Defendant points out that none of the evidence shows a specific affirmative act of negligence, and that any act of negligence which is supported by the pleadings and evidence which is heretofore denied was passive."

Also, in his objections and exceptions to the court's charge, the appellant charged, more specifically, that special issue No. 1 failed to inquire as to any specific ultimate fact issue of venue; that, because it inquired as to all the evidence and did not inquire as to any act or omission, it resembled a general charge; and that it did not inquire as to "any specific ultimate fact issue which would constitute an ultimate act of negligence to sustain venue in Hemphill County, Texas. In that connection, it is pointed out by the defendant that special issue No. 1 as it is framed inquires as to questions of law. * * *"

These objections are clearly aimed at special issue No. 1 (Special Issue No. 2 was concerned only with the question of proximate cause.) The requirements of Rule 274, Texas Rules of Civil Procedure, are met when the objection is sufficient to direct the attention of the trial court to the point of which the party complains.

In our opinion the appellant's objection to special issue No. 1 was sufficient to raise his point of error on appeal. Keevil v. Ponsford, Tex.Civ.App., 173 S.W. 518; Pappas v. Wright, Tex.Civ.App., 171 S.W.2d 536; Downs v. McCampbell, Tex.Civ.App., 203 S.W.2d 302.

In a plea of privilege hearing before a jury the same rules apply to the submission of special issues as would apply in a trial on the merits, the only distinction being that on a hearing of plea of privilege, the issues are confined to the venue facts. 43 Tex.Jur. 872. Rule 277, Texas Rules of Civil Procedure, provides that special issues "shall be submitted distinctly and separately and each issue shall be answered . by the jury separately". That was not done in this case. The appellee alleged two separate acts of negligence as constituting a trespass: excessive speed and excessive weight. The trial court should have inquired of the jury in separate issues (1) whether the appellant's truck was driven at an excessive rate of speed and, if the jury found that it was, then whether that was a proximate cause of the damages; and (2) whether the appellant's truck, containing an excessive weight, was driven over the bridge and, if it was, whether that was a proximate cause of the damage suffered. Bonham Coca Cola Bottling Co. v. Jennings, Tex.Civ.App., 181 S.W.2d 97; Downs v. McCampbell, supra. The submission of all the alleged grounds of affirmative negligence in one issue which merely inquired whether the appellant's conduct constituted a trespass amounts to a general charge because it failed to submit separately and distinctly the ultimate issues of fact. Dallas Ry. & Terminal Co. v. Boland, Tex.Civ. App., 53 S.W.2d 158; Woodson v. Floyd, Tex.Civ.App., 195, S.W.2d 601, n. r. e.; Blythe County Line Independent School Dist. v. Garrett, Tex.Civ.App., 232 S.W.2d 248.

Moreover, the appellant complains that the evidence was insufficient to support the jury's verdict. It seems that the testimony the appellee adduced on the questions of excessive weight and excessive speed was obtained from witnesses, who, in effect, did nothing more than study photographs of the broken bridge and then, without qualifying as engineers or experts on such subjects, testified that the bridge was destroyed by a heavily loaded truck striking the bridge at an excessive speed.

As a general rule the testimony of a witness must be limited to facts of which he has personal knowledge; he must not give his individual opinion or conclusion, unless he is an expert witness. 19 Tex. Jur. 13, et seq. None of the appellee's witnesses qualified as expert witnesses on the subject of speed, although one testified that the truck struck the bridge at a high rate of speed. Our courts have held that even the testimony of an eye witness to the effect that a car was moving "very fast" is not sufficient to establish a negligently excessive rate of speed because "very fast" is a purely relative term and is not sufficient even prima facie as proof of excessive speed in the absence of other testimony. Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Simpson v. Cain, Tex.Civ.App., 217 S.W.2d 92. "A high rate of speed" is also a relative term and is not sufficient to establish a negligently excessive rate of speed in the total absence of proof as to the surrounding circumstances. The appellee failed to prove by a preponderance of the evidence that a trespass was committed in Hemphill County and that the trespass was the proximate cause of the damage to the bridge.

In the case of Lanford v. Smith, Chief Justice, 128 Tex. 373, 99 S.W.2d 593, 594, the Supreme Court said:

"If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from."

Since the evidence is insufficient to support the trial court's judgment and since the case was not fully developed, the judgment of the trial court must be reversed and the cause remanded for another trial. Jackson v. Hall, Chief Justice, 147

Tex. 245, 214 S.W.2d 458; Maitland v. Santor, Tex.Civ.App., 216 S.W.2d 298; Simmons v. Germany, Tex.Civ.App., 231 S.W.2d 774. Because of our disposition of the appeal and because the matters complained of probably will not occur again on a second trial, we have not discussed the appellant's other points of error.