SEARS, ROEBUCK & COMPANY et al.,
Appellants and Appellees,

v.

W. H. BLACKBURN et ux., Appellees
and Appellants.

No. 5216.

Court of Civil Appeals of Texas.

El Paso.

July 17, 1957.

Rehearing Denied Sept. 25, 1957.

tion of law on January 15, 1956. The court, in rendering this opinion, relied on the verbiage of subdivision 5, 329-b, Texas Rules of Civil Procedure. We consider subdivision 6(c) more controlling in this case. It is as follows:

> "Judgments of such courts shall become as final after the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired."

The court was of the opinion that the rule gave thirty days from the rendition of a judgment before it became final, but made the judgment final immediately after "overruling an original or amended motion for a new trial." In other words, the court considered that the 30-day extension applied only to "rendition of judgment", and not to "the overruling of the motion for a new trial," and that the judgment became final immediately after the overruling of the motion for a new trial.

The cases cited in the original briefs did not give any light on this particular construction of said rule. Blackburn and his wife, original plaintiffs in this cause, in a motion for rehearing, strongly urge that the 30-day extension applies to both facets of the above rule, and that the judgment does not become final until thirty days after the motion for a new trial is overruled. For this proposition they rely almost exclusively on Callahan v. Staples, Tex.Com.App.1942, 139 Tex. 8, 161 S.W.2d 489. This opinion construes Article 2236, R.C.S. 1925, which is entirely different from the rule now under consideration and is, in our opinion, not in point. It does hold, however, that a court retains control of its judgments until the end of that term. This is the universal rule. The other cases cited by appellees were decided many years prior to the passage of this rule, and likewise give us no assistance in construing it. We find, however, that Article 2092, Sub.,

Sharpe, Cunningham & Garza, Brownsville, for Sears, Roebuck & Co.

Hartley, Lattimore, Alamia & Perkins, Pharr, for Harvey and Young.

Hill, Lockridge & King, Mission, for Blackburn et ux.

WILLIAMS, Justice.

On the 6th day of February, 1957, this court rendered an opinion in this case, which held that the judgment of the trial court entered on February 13, 1956, was of no effect, since the term of the court for this specific case had ended by opera-

30, which is the predecessor of Rules 329 and 330, and which used language, so far as this decision is concerned, identical with the above rule, has been construed several times to hold that the 30-day extension applied "after a motion for new trial is overruled," the same as it does after the judgment is rendered where no motion is filed. Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, 1033; Union City Transfer v. Kenna, Tex. Civ.App., 210 S.W.2d 431. We now hold that the term, so far as this case is concerned, had not ended on February 13, 1956, on account of the 30-day extension given by Rule 329-b, and that the court had the power to enter the judgment of that date.

Therefore, the motions for rehearing filed by W. H. Blackburn et ux., and Harvey and Young, are granted; our original opinion is hereby withdrawn; and the appeal is reinstated and will now be considered on its merits.

### Statement

This was a suit brought by W. H. Blackburn and wife, as plaintiffs, against Sears, Roebuck and Co., A. O. Smith Corporation, and C. C. Harvey and Donald R. Young, as defendants, for water damages done to the home and household furnishings of plaintiffs when a water heater sold by Sears, Roebuck and Co., manufactured by A. O. Smith Corporation, and installed by C. C. Harvey and Donald R. Young, as plumbers, erupted. The case was tried before a jury. The trial court originally entered judgment November 7, 1955, that plaintiffs recover damages from C. C. Harvey and Donald R. Young, and take nothing against Sears, Roebuck and Co. and C. O. Smith Corporation. After motions for new trial, filed by plaintiffs and defendants Harvey and Young, had been overruled by operation of law, January 15, 1956, the court, on February 13, 1956, set aside its original judgment and entered judgment in favor of plaintiffs for damages against Sears, Roebuck and Co.,

and provided that no recovery be had by plaintiffs against A. O. Smith Corporation and defendants C. C. Harvey and Donald R. Young. From said judgment this appeal is being prosecuted by appellant Sears, Roebuck and Co. The Blackburns appealed from that part of the judgment releasing the plumbers.

C. C. Harvey and Donald R. Young also filed a brief in this court, as they could not know which judgment of the court might be considered.

A. O. Smith Corporation went out of the case by the jury's verdict, and of this no one complains.

Plaintiffs first sought to hold Sears on the theory that the plumbers were Sears' agents, negligent, etc.; they also sought to hold them on the theory that Sears was negligent in recommending the plumbers, but these theories were abandoned. If Sears is to be held at all, it is on the theory of apparent agency or agency by equitable estoppel. Sears' main contention on this appeal is that that theory was not properly submitted to the jury. The only issues bearing on this theory are Issues 8, 9 and 10, which are as follows:

"Special Issue No. 8.

"Do you find from a preponderance of the evidence that the acts and conduct of the defendant Sears Roebuck and Company were such as to cause Mrs. Blackburn to believe that defendants Harvey and Young were the employees of Sears Roebuck and Company?

"Answer 'Yes' or 'No.'

"We the jury answer *Yes.*"

"Special Issue No. 9.

"Do you find from a preponderance of the evidence that Mrs. Blackburn relied on the care and skill of said Harvey and Young to install the hot

**794**

water heater and pressure and temperature relief valve in plaintiffs' home?.

"Answer 'Yes' or 'No.'

"We the jury answer *Yes*."

"Special Issue No. 10.

"Do you find from a preponderance of the evidence that acts and conduct if any of defendant Sears Roebuck and Company caused Mrs. Blackburn to rely on the care and skill of said Harvey and Young?

"Answer 'Yes' or 'No.'

"We the jury answer *Yes*."

 Appellees, in insisting that estoppel was properly submitted, rely almost entirely on "Restatement of the Law of Agency", Section 267, which reads as follows:

"One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such."

Appellant Sears insists that the above quotation does not go far enough to meet the requirements of the Texas decisions. It relies for this contention largely on the case of Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929, at page 932, as follows:

"On the question of estoppel we find that 'In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the inten-

tion that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.' 31 C.J.S. Estoppel § 67, page 254. Also, 'Before an estoppel can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. No one should be denied the right to set up the truth unless it is in plain contradiction of his former allegations or acts. If an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel.' Id., § 77, page 282 et seq.,"

. Appellant objected to the above issues, as follows:

"Said defendant objects and excepts to Special Issue No. 8 for the following reasons:

"(a) Said issue is duplicitous in that it inquires

"1. As to the acts

"2. The conduct of the defendant Sears Roebuck & Co.

"(b) Said issue is improper and is not an ultimate or controlling issue, and in particular, does not inquire if a representation to the effect claimed was made by Sears Roebuck & Co.

"(c) Said issue is duplicitous because it inquires

"1. About the acts or conduct of the defendant Sears Roebuck & Co.

"2. If the same were sufficient to cause a belief in Mrs. Blackburn

"3. There is no evidence to authorize the giving of such issue.

"Said defendant objects and excepts to Special Issue No. 9 for the following reasons:

"(a) It does not inquire as to the reliance of Mrs. Blackburn on any representation of the defendant Sears Roebuck & Co., but instead, inquires about the reliance upon the care and skill of the defendants Harvey and Young, and is therefore an improper inquiry and issue.

"(b) The evidence is insufficient to authorize the giving of such issue.

"(c) There is no evidence to authorize the submission of such issue.

"Said defendant objects and excepts to Special Issue No. 10 for the following reasons:

"(a) There is no evidence whatsoever to authorize the submission of such an issue or to support a finding that the acts or conduct of defendant Sears Roebuck & Co. caused Mrs. Blackburn to rely on the care and skill of defendants, Harvey and Young.

"(b) The said issue is duplicitous in that it inquires about

"1. Acts

"2. Conducts of defendants Harvey and Young

"3. Reliance on their care and skill.

"(c) The evidence is insufficient to authorize the submission of such issue.

"(d) It assumes that the acts and conduct of defendant Sears Roebuck & Co. caused Mrs. Blackburn to rely on the care and skill of said Harvey and Young."

Virtually the only evidence in the case upon which agency by estoppel can be established is that of Mrs. Blackburn, relating to the verbal representations made to her by the two Sears salesmen, Franklin L. Martin and Donald T. Malone. It seems, however, that "conduct" when used in this regard includes "words spoken" etc., so we make no point of the omission of "representations", but think that it would have been much better to have included it under these circumstances. 8A Words and Phrases, Conduct, page 21. Issue 8 was objected to because it "does not inquire if a representation to the effect claimed was made * * *". Certainly, the issue assumes that representations were made relating to "employees". We do not think this was authorized, as all of the evidence on the subject came from the plaintiff and was not "so clear, direct and positive and free from contradictions, inconsistencies and circumstances tending to cast suspicion on same" as to make it an uncontroverted issue. 41B, Tex.Jr., page 494, section 402. For instance, had the salesmen intended to deceive Mrs. Blackburn into believing that the plumbers were their employees, there would have been no occasion for them to have telephoned the plumbers and had them come to the store to talk to Mrs. Blackburn. Therefore, it is not free of doubt that there were representations concerning "employees". Mrs. Blackburn's testimony, as a whole, is more indicative that the salesmen were trying to recommend their plumbers as good ones for her to employ.

In Bonham Coca Cola Bottling Co. v. Jennings, Tex.Civ.App., 181 S.W.2d 97, 98, it is said:

"Appellant assigns error on the action of the trial court in submitting, over appellant's objection, Special Issue No. 1, inquiring whether or not the Coca Cola, at the time it was sold by defendant, 'was so contaminated by glass as to be unfit for human consumption'; the point presented being that such issue is duplicitous in that it inquires, first, whether the Coca Cola was contaminated by glass, and, second, whether the Coca Cola was unfit for human consumption."

This error in Issue 8 was pointed out in (c), and should have been corrected.

We therefore hold that the proposition of agency by estoppel was not properly submitted to the jury under the above authorities and the Supreme Court case of Gulbenkian v. Penn, supra. For an approved form of submission, see Lohmann

v. Hooper, Tex.Civ.App. Beaumont 1935, 87 S.W.2d 803.

■ The trial court, realizing that the manifestations or representations to Mrs. Blackburn by Sears employees had not been submitted to the jury, attempted to cure the defect by special findings. It likewise realized that "justifiable reliance" contained in the "Restatement of the Law of Agency, sec. 267" relied on by appellees and quoted supra, was not submitted to the jury, and tried to cure this error by special findings, as provided for in Rule 279, T.R.C.P. This rule provides that the court can make additional findings under certain circumstances, but we hold that he did not have the authority to make them under these circumstances. The omissions above were essential parts of agency by estoppel (see also 2 Tex.Jur., p. 424, sec. 38, note 8); the omissions were properly called to the court's attention and the issues given objected to; and, therefore, the court was without authority to supply same by his special findings.

It is immediately obvious that several essential ingredients of estoppel were either assumed, or not submitted to the jury. For instance, it was nowhere submitted to the jury as to whether or not Mrs. Blackburn relied on any "representations of agency." It was only submitted that she relied on the care and skill of the plumbers. This is not a submission of reliance on representations of agency. Likewise, it was not submitted to the jury "if the plaintiffs had means to discover the true facts." Not only is Special Issue No. 8 duplicitous, but it assumes that acts and conduct of the defendant occurred and assumes that they were done with intent to deceive. Special Issue No. 10 inquires if the acts and conduct of Sears' agents "caused Mrs. Blackburn to rely on the care and skill of said Harvey and Young." Such reliance is just as consonant and consistent with the theory of independent contractor as it is with agency, and the jury found that the plumbers were independent contractors. The Supreme Court says, in the Gulbenkian case, supra,

that when this occurs—that is, when it is susceptible of two constructions—it will not support the theory of estoppel. It likewise says that the theory of estoppel is a harsh one, and should not be applied unless every segment of it is affirmatively established, as "nothing can be supplied by intendment." See also Lohmann v. Hooper, supra. We therefore hold that the theory of agency by estoppel was not properly submitted; was sufficiently objected to; and that the case must therefore be reversed.

In view of our holding above, it is not deemed necessary to discuss the other assignments of Sears. However, the Blackburns, original plaintiffs, have appealed from that part of the court's judgment stating that the plaintiffs take nothing as against the plumbers. We will now pass to that issue. Special Issue No. 5, as follows:

"Special Issue No. 5. Do you find from a preponderance of the evidence that defendants Harvey and Young were negligent in installing the automatic hot water heater and pressure and temperature relief valve sold to the Blackburns in that defendants, Harvey and Young, failed to connect the said pressure and temperature relief valve to a drain or to the outside?"

was submitted by the court over objections of Harvey and Young, the plumbers. Special Issue No. 6 was on proximate cause, and similar to 5 in form. After adopting the exceptions of Sears, the plumbers specially excepted to Issues 5 and 6 on the ground that same were general and included both of them as a body in the finding sought therein, when they were not pleaded as partners or as acting together, and that the evidence adduced on the trial of the cause was wholly insufficient to sustain such a conclusion or finding, and there was no evidence to support such finding.

■ The court, in entering its judgment of February 13, 1956, on which this appeal is predicated, stated:

"The court further finds with respect to Special Issues Nos. 5 and 6, regarding the defendants C. C. Harvey and Donald R.· Young, that these defendants were both included in the issues of negligence and proximate cause, whereas each of the defendants C. C. Harvey and Donald R. Young was entitled on the record to separate submission of each such issue upon proper objection made, and that such proper objection was made upon trial prior to the charge being read to the jury."

Based on this conclusion, the trial court entered judgment that the plaintiffs take nothing as against the plumbers. Of this the Blackburns complain, and we agree with their contention. Throughout the pleading, the plumbers were referred to as a unit, "Harvey and Young". The undisputed testimony shows that they, Harvey and Young, were employed to install this heater, the only question being who employed them, or whether or not Sears appeared to have employed them. They each testified on cross-examination, without objection from their attorneys, to facts establishing that they were partners so far as the installation of this heater was concerned. Mrs. Blackburn paid them with a check payable to Harvey and Young. Therefore, certainly they acted together on the proposition and were jointly liable. The whole case was tried on the theory that they acted together, or jointly. The plumbers complain that there was no pleading of their acting together, but with this we cannot agree. All of the pleading was to that effect, and the evidence on the subject was clear and undisputed. We therefore hold there was no occasion to submit an issue as to whether they were technically a partnership. If the issue as submitted assumes that they acted together, it is not erroneous, as that proposition stands uncontradicted throughout the record. Furthermore, if it can be conceived that the issue was submitted without sufficient pleading, it is clear that they suffered no harm, which is essential to

their being granted relief. See Morris v. T. & N. O. Ry. ·Co., Tex.Civ.App., 269 S.W.2d 565 (ref. n. r. e.). We therefore hold that the court erred when he entered this part of his judgment. All essential issues having been found against the plumbers, and they having assigned no error as to the damages, it is our duty to reverse and render the judgment, as to them, that the trial judge should have rendered. Redgrave v. Wilkinson, Tex. Civ.App., Waco 1948, 208 S.W.2d 150 (ref. n. r. e.).

Therefore this cause, so far as Sears, Roebuck and Co. is concerned, is reversed and remanded for a new trial. As to the plumbers, Harvey and Young, the judgment is reversed · and judgment is here now rendered in favor of the Blackburns against them, jointly and severally, in the amount found by the jury, less the remittitur filed herein by said plaintiffs, together with interest at the rate of six per cent from April 1, 1953, to February 13, 1956, together· with interest at six per cent on the total sum from date of judgment until paid.

## On Motions for Rehearing

Appellant Sears has filed herein a motion for rehearing based in part on the proposition that since the Blackburns, original plaintiffs, did not complain of the issues relating to estoppel of Sears to deny agency of the plumbers and did not request any additional issues relating· thereto, they have waived their right to have such issues submitted, and that, therefore, we should have rendered in their favor rather than have remanded for a new trial.

■ We are familiar with the rather mandatory nature of Rule 434, and the provisions of Rule 279, relating to waiver, but we felt in this case that there was abundant room for the trial judge and the plaintiffs to consider that the proper issues were being submitted, though we hold otherwise in our main opinion, and that they were therefore excused for submitting it as they did. We felt that since the

**798**

jury answered all questions submitted to it in favor of the estoppel theory, it would not be just to render in favor of Sears, but that justice would best be subserved by remanding. For a full discussion of our rights and duties under these circumstances, see 26 T.L.R. 808. See, also, Hicks v. Matthews, 1954, 153 Tex. 177, 266 S.W.2d 846. We see no reason to change our former opinion.

Sears also complains that the trial court erred in overruling its motion for summary judgment because at that time estoppel had not been plead, and that that is the only theory on which attempt is now made to hold it. We agree with these facts, but the law seems to be well settled that this proposition is not reviewable by this Court. Associates Investment Co. v. Lenz, Tex.Civ.App., Austin 1956, 288 S.W.2d 857, at page 860, and cases there cited.

Sears' motion is accordingly overruled.

The Blackburns and Harvey and Young, the plumbers, have also filed motions for rehearing, and they are hereby overruled.