Anthony **CERBOSKAS**, Appellant,

v.

Clayton D. **FARRIS** and Annabelle Farris, Appellees.

No. 5713.

Court of Civil Appeals of Texas.

El Paso.

May 26, 1965.

Rehearing Denied June 16, 1965.

Hardie, Grambling Sims & Galatzan, A. R. Grambling, El Paso, for appellant.

George A. McAlmon, El Paso, for appellees.

FRASER, Chief Justice.

On or about January 5, 1963, about 7:00 P.M., and after dark, appellee (sometimes hereinafter referred to as plaintiff) Annabelle Farris, was driving her automobile in a westerly direction upon U. S. Highway 180, approximately 38 miles east of the City of El Paso, and at the same time she was pushing an automobile driven by appellant (sometimes hereinafter referred to as defendant). The motor of the automobile driven by appellant had stopped, and said appellee undertook to push appellant's car to the next filling station for repairs.

While said appellee was in the process of pushing appellant's automobile, appellee claims that appellant negligently, suddenly and without warning to appellee turned and swerved his automobile to the right-hand side of the highway upon which appellant and appellee were then traveling. Appellee contends that when appellant swerved his car to the right, it forced her car across the center of the highway and into the path of an oncoming automobile being driven in an easterly direction, and that this resulted in a collision between the automobile operated by appellee and the automobile operated by a third party. There was only one occupant of the oncoming car, and he apparently was instantly killed. In the car with plaintiff was her guest, a Mr. Roquemore, an elderly gentleman who died some ten days after the accident, and seated between plaintiff and Mr. Roquemore was the daughter of Mr. and Mrs. Cerboskas, a little girl nine years of age, named Patricia. Plaintiff and Patricia were badly injured. As the result of the collision, two men were dead, and Mrs. Farris and Patricia were badly hurt. The Cerboskas car was not involved in the collision.

The automobile of appellant was not in the collision and it is appellant's contention that the automobile of appellee was at least 150 feet behind appellant at the time the collision occurred. It is further the contention of appellant that no act on his part

caused, or contributed to cause, the accident of which appellees complain.

Appellant moved for an instructed verdict, which was denied by the court, and judgment was entered against appellant and in favor of appellees in the sum of $4,837.00, on the basis of the findings of the jury.

Appellant's first point of error is that the first issue is duplicitous and contains two separate questions. This issue asks:

"Do you find from a preponderance of the evidence that immediately prior to the collision in question that the defendant turned his automobile to the right and caused the automobile of plaintiff, Annabelle Lewis Farris, to be forced across the center of the highway? Answer yes or no."

The jury answered "Yes" to the above question, and then answered affirmatively to Issues 2 and 3, which inquired if such action of the defendant was negligent and a proximate cause of the collision.

We agree with appellant's position that special issues shall be submitted separately and distinctly and no issue should contain two controverted ultimate fact issues. Rule 277, Texas Rules of Civil Procedure; 41-B, Tex.Jur. 576, § 450; Pappas v. Wright, 171 S.W.2d 536 (Tex.Civ.App.). However, we do not believe such a situation is presented in this case. It is uncontroverted, and defendant so testified, that he did suddenly turn his car to the right. This leaves the issue with only one controversial question to answer. In other words, the issue as worded presents only one controverted fact issue and, as such, in our opinion is not duplicitous or multifarious. The only question in the issue in controversy is whether or not the action of the defendant caused plaintiff's car to swerve suddenly to the left. There is testimony that the accident took place some four and one-half feet over in what would be the wrong side of the road for plaintiff and defendant. It has been held that where a question or issue presented to the jury contains only one controverted fact issue, it is not duplicitous. City of Winters v. Bethune (Tex.Civ.App.), 111 S.W.2d 797; Texas Cities Gas Co. v. Dickens (Tex.Civ. App.), 156 S.W.2d 1010. We therefore overrule the appellant's first point and hold that the issue in question was not duplicitous or multifarious as submitted.

Appellant's second and third points refer to Special Issue No. 6 and allege error in that the court overruled defendant's motion for an instructed verdict and also overruled defendant's motion for a new trial. He alleges that the undisputed evidence is contrary to the jury's finding, and the answers by the jury are so against the great weight and preponderance of all the evidence as to be manifestly wrong and unjust. The jury found, in answer to Issue No. 6 that the defendant was not acting under a sudden emergency when he swerved his car to the right. There was no objection to the court's definition of the term "sudden emergency". Defendant and his wife both testified that they thought the oncoming car was going to hit them, and for that reason defendant swerved his car to the right. We do not find any corroboration of this testimony. The driver of the oncoming car was killed in the collision. However, there is testimony from the plaintiff that prior to the accident and at the time of the accident the bumper of her car was against that of the defendant's car, pushing said car. There was testimony by a State Highway patrolman that, under those conditions, if the front car suddenly swerved to the right, it would cause or tend to cause the pushing car to swerve in the opposite direction. The jury found, in answer to Issue No. 9, that the two cars of plaintiff and defendant were in contact at the time defendant swerved to the right. Appellee further points out that, according to the record, there was no indication, from examination of the highway, that the oncoming car was traveling in an improper lane, and the State Highway patrolman testified that the evidence he found indicated the point of impact to be 4.5 feet across

the middle of the highway, and not on the side of the highway where the cars of defendant and plaintiff were traveling. Defendant's car was not damaged. We believe that there was sufficient evidence to justify the jury in answering the issue against the defendant, and to justify the court's action in denying the motions for an instructed verdict and/or a new trial. It has been held that a disputed fact or facts in a civil case may be established by either direct or circumstantial evidence. Here we have a conflict between the uncorroborated testimony of the defendant who, of course, is an interested party, and evidence of a circumstantial nature. We believe the circumstantial evidence here is strong enough and has enough probative value to justify the action of the jury and the court. Brown v. Dallas Ry. & Terminal Co., Tex. Civ.App., 226 S.W.2d 135; 24 Tex.Jur.2d 398, § 728; Washington v. A & A Construction Co., Tex.Civ.App., 316 S.W.2d 808. In summary, it might be noted that the only evidence produced by appellant was his own testimony, whereas the testimony of the investigating officer indicates that the oncoming car was at least 4.5 feet over on its own side of the highway. The jury's finding in answer to Issue No. 6, that defendant was not acting under a sudden emergency, of course made it unnecessary for the jury then to answer the following two questions, which asked if defendant did what an ordinarily prudent person would have done under the same or similar circumstances, and if such emergency were the sole proximate cause of the accident. Appellant's Points 2 and 3 are overruled.

Appellant's Points 4 and 5 charged that the court erred in overruling defendant's motion for judgment non obstante veredicto, because the plaintiff was negligent in pushing defendant's car down the highway at night, and that as a matter of law such negligence was a proximate cause; and that the court erred in overruling defendant's motion for a new trial on the ground that the jury's answer to

Special Issue No. 12 was so against the great weight and preponderance of all the evidence as to be manifestly wrong and unjust. The jury found that plaintiff was pushing the car of defendant just prior to the accident, and in answer to Question No. 11, that plaintiff was guilty of negligence in so doing; but in answer to Question No. 12, the jury held that plaintiff's negligence in pushing defendant's car was not a proximate cause of the collision. In considering the question presented by these two points, it must be remembered that the jury, in answer to Question No. 9, found that the two cars were in contact, bumper to bumper, at the time when defendant swerved his car to the right, and the jury had heard the testimony of the State Highway patrolman as to the effect of a sudden swerve by the car being pushed, with the bumpers of the two cars in contact. In answer to Question No. 14 (inquiring whether plaintiff had *driven* her car to the left of the center of the highway just prior to the time of the accident) the jury answered "No". We think these two points must be overruled on the ground that the negligence of the plaintiff found by the jury was also found not to be a proximate cause. We do not believe that plaintiff should have foreseen that the defendant would suddenly swerve his car to the right. The record shows that plaintiff had pushed the Cerboskas car to one filling station, during which time the motor in defendant's car had started up and was running; but that shortly thereafter it ceased to run, and it is uncontroverted that plaintiff agreed to push defendant's car to the next filling station because Mrs. Cerboskas was worried about her luggage and, as the plaintiff testified, it was a cold, dark night. There is no evidence in the record that the plaintiff, at the time of the accident, was suffering from any physical or mental condition that would be detrimental to safe driving, nor is there any testimony that she was pushing defendant's car in an improper manner, the finding being that it was negligent to push the other car; but, as stated above, the jury found that such

negligence was not a proximate cause of the accident. In Issues 1, 2, and 3 the jury found that the action of defendant *was* negligent and a proximate cause of the accident. Plaintiff testified that she realized there might be some danger connected with pushing defendant's car, but did not testify that she anticipated that defendant might suddenly swerve his car to the right while she was pushing it. The court, in its charge, properly defined "proximate cause". It has been held that one is not bound to anticipate negligent conduct on the part of another, but only to foresee or anticipate circumstances that would reasonably result from his conduct. In other words, even though a person may be negligent, it does not exonerate the defendant if the act of the defendant was not reasonably foreseeable by the injured person. 40 Tex.Jur.2d 472, 473, 474, § 20; Houston Lighting & Power Co. v. Brooks, 161 Tex. 32, 336 S.W.2d 603; Texas & N. O.R. Co. v. Brannen, 140 Tex. 52, 166 S.W. 2d 112. In the Houston Lighting & Power Co. v. Brooks case, our Supreme Court states as follows (citing City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 670, 27 A.L.R. 927):

> "'In this state it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission. * * * Actual anticipation is of course not in any sense the test; but what one should under the circumstances reasonably anticipate as consequences of his conduct.'"

Appellant's Points 4 and 5 are overruled.

Appellant's Points 6 and 7 state that the trial court erred in denying defendant's motions for instructed verdict and for judgment non obstante veredicto, claiming that the undisputed evidence shows that plaintiff voluntarily undertook to push defendant's car, and that she knew and appreciated the danger involved in so doing at the time, and that the trial court further erred in denying defendant's motion for a new trial on the ground that the jury's answer, holding that plaintiff did not know and appreciate the danger involved, was so against the great weight and preponderance of all the evidence as to be manifestly wrong and unjust. This matter has been pretty well discussed in our disposition of appellant's Points 4 and 5; but the parties here, in their brief, maintain that the jury's answers to Questions 17 and 18 raise the affirmative defense of the doctrine of volenti non fit injuria. These issues were worded as follows:

### "QUESTION NO. 17

Do you find from a preponderance of the evidence that plaintiff, Annabelle Lewis Farris, prior to the accident in question, voluntarily undertook to push defendant's car with her car? Answer 'yes' or 'no.'

We answer: Yes

### QUESTION NO. 18

Do you find from a preponderance of the evidence that plaintiff, Annabelle Lewis Farris, prior to the accident in question, knew and appreciated the danger, if any, involved in pushing defendant's vehicle down the highway at night? Answer 'yes' or 'no.'

We answer: No"

The jury found that appellant negligently suddenly swerved his car to the right, causing plaintiff's car to be forced across the center of the highway; that such act was negligent and a proximate cause of the accident; and that appellant was not acting under a sudden emergency at the time; and further, in answer to Issue No. 13, that the accident was not unavoidable. Both parties cite the case of Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Supreme Court). This case holds, inter

alia, that for the "volenti" doctrine to be applicable, the danger must either be so open and obvious that the plaintiff or injured person was charged in law with knowledge and appreciation thereof, or he must have actual knowledge and appreciation of the dangers. This case, and the many cases cited within it, point out that the word and meaning of the "volenti doctrine" require that the injured person must have either actually known, or should have known, of the danger that he was himself in. As stated in 65 C.J.S. Negligence § 174, page 851, the injured party is not required to anticipate a danger or a hazard not naturally incidental to the situation; and here plaintiff had pushed defendant's car for some miles without incident, and we do not believe that plaintiff, when she undertook to push the car, and then to resume pushing the car after the parties had stopped at the first filling station, knew or should have known or anticipated that defendant would suddenly swerve his car off the highway to the right. This is apparently what the jury believed, as evidenced by its answers to the various issues. Appellant's Points 6 and 7 are therefore overruled.

Appellant's Points 8, 9, 10 and 11 refer to Issue No. 4, which inquired if the defendant failed to keep a proper lookout just prior to the accident, and Issue No. 5 which inquired if such failure was a proximate cause of the accident. The jury answered both questions in the affirmative. We do not feel it necessary to pass on these points because the answers of the jury to the other issues are sufficient to uphold the verdict as rendered by the court and jury. In other words, the jury found the defendant guilty of conduct that was negligent and a proximate cause of the accident. We do not see how his failure to keep a proper lookout, at a time when he was driving a car which was inoperative and being pushed, could have had much bearing on the case, in view of the fact that not only was his car mechanically dead, but also was not harmed or touched by the collision between the plaintiff and the oncoming car in the opposite lane.

Appellant's Points 1 through 7 having been overruled, the judgment of the trial court is affirmed.