**LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,**

v.

**S. D. CARPENTER, Jr., et ux., Appellees.**

**No. 7701.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 22, 1966.

Rehearing Denied April 5, 1966.

James N. Haltom, Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellant.

Jesse L. Nickerson, Pittsburg, for appellees.

DAVIS, Justice.

Plaintiff-appellee, S. D. Carpenter, Jr., and wife, Nancy T. Carpenter, sued defendant-appellant, Louisiana & Arkansas Railway Company, for damages for the diminution of the value of certain property they owned adjacent to the railway right of way as the result of a fire alleged to have been started by a train of the appellant. Appellee alleged that they owned a tract of land in Camp County, Texas, upon which they maintained a tree farm and a pasture of crimson clover and Bermuda grass for the production of hay. They specifically allege that the appellant had caused the fire by sparks from said train that set the grass and weeds afire on the right of way, and that the appellant negligently caused or permitted the same to escape therefrom and onto the land of the appellees causing the damages. The case was tried before a jury. Five special issues were submitted, and they were all answered in favor of the appellees. Judgment was entered in favor of $982.00. Appellant has perfected its appeal and brings forward two points of error.

By its point one, appellant says:

"The trial court erred in submitting Special Issue No. 1 to the jury, which reads as follows: 'Do you find from a preponderance of the evidence that the Defendant, its agents, servants, and employees in the operation of its train on the date in question caused the fire to originate on the right of way at a point near and adjoining the Plaintiff's land? Answer "yes" or "no",' over the Appellant's objection that the issue was global in nature, set forth with no particularity what acts, or the failure of any acts, which the Appellant, its agents, servants or employees, did in the operation of the train to cause a fire to originate. The Appellant further excepted to said Special Issue No. 1 in the way in which it was submitted because it amounted to a comment on the evidence in that the jury would have to assume that the Court had decided as a matter of law that the Appellant, its agents, servants or employees, had done some act or failed to do some act which had caused a fire to originate."

■ The point is multifarious. First, appellant says the issue is global in nature. Second, it says the special issue is a comment on the evidence. By carefully studying the appellant's brief it can be seen that it is relying upon the point because the special issue is global in nature. It seems that the objection comes within the requirement of Rule 274, Vernon's Ann.Tex.Rules of Civil Procedure. The objections to the special issue are sufficient to direct the attention of the trial court and sets forth the specific reasons therefor. Rule 274, V.A.T. R.C.P.; Kainer v. Walker (1964), Tex., 377 S.W.2d 613; Implement Dealers Mutual Insurance Company v. Cox (1964), Tex. Civ.App., 376 S.W.2d 384, N.W.H.; Williams v. Hemphill County (1952), Tex.Civ. App., 254 S.W.2d 839, N.W.H.; 57 T.J.2d 231, Sec. 520. The point is sustained.

We have carefully examined appellant's point Two and find the same to be without any merit, and the same is overruled.

The judgment of the trial court is reversed and the cause is remanded.